UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No.:  9:17-CV-81204

HUGO MENJIVAR

Plaintiff,

vs.

Town of South Palm Beach; Mark Garrison (official
capacity as a police officer for the South Palm
Beach Police Department); Officer Carol Vultaggio
(officer capacity as a police officer for the South
Palm Beach Police Department); and The Town of
Lantana.

Defendant

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, Hugo Menjivar, herein files this Complaint against the Town of South

Palm Beach, Mark Garrison, Carol Vultaggio; and the Town of Lantana herein and alleges:

### **PARTIES**

1. Plaintiff, Hugo Menjivar, is an individual who resides in Palm Beach County, FL.

2. Defendant, the Town of South Palm Beach, is a political subdivision of the State of Florida

    located in Palm Beach County. In this cause, the Town of South Palm Beach acted through

    its agent, employees and servants, including that of its subagent, the South Palm Beach

    Police Department and its police officers. The principal place of business for the town of

    South Palm Beach is 3577 South Ocean Blvd. South Palm Beach, FL 33480 in PALM

    BEACH County, Florida.

3.  Defendant, Mark Garrison, in his or his former official capacity as a police officer for the

    Town of South Palm Beach Police Department which is located at 3577 S Ocean Blvd, South

1

Palm Beach, FL 33480 in PALM BEACH County, Florida.

4.   Defendant, Carol Vultaggio, in her or his former official capacity as a police officer for the

South Palm Beach Police Department which is located at 3577 S Ocean Blvd, Palm Beach,

FL 33480  in PALM BEACH County, Florida.

5.   Defendant, The Town of Lantana, is a political subdivision of the State of Florida located in

Palm Beach County. In this cause, the Town of South Palm Beach acted through its agent,

employees and servants, including that of its subagent, the Lantana Police Department and

its police officers. The principal place of business for the town of Lantana is 500 Greynolds

Circle, Lantana, FL 33462 in PALM BEACH County, Florida.


## JURISDICTIONAL STATEMENT

6.   Pursuant to 28 U.S.C. §1331, this court has original jurisdiction over violations of a Federal

Statute.

7.   This primary cause of action is for tortious and statutory damages which were caused by the

Defendants and that which arose by a violation of the Plaintiff's civil rights as guaranteed by

the U.S. Constitution and 42 USC 1983.

8.   Pursuant to 28 U.S.C. 1367, this court has supplemental jurisdiction over all other claims that

are so related to claims in the action within such original jurisdiction that they form part of

the same case or controversy

9.   This supplemental action is for tortious damages for false arrest and negligence which were

caused by Defendants in the original act, and are so related to the original jurisdiction that

they form part of the same case and controversy.

## VENUE

10. Pursuant to 28 USC 1391, venue is proper in the Southern District of Florida as it is the district where at least one of the Defendant's resides, and further all Defendants are residents of Florida, the state in which the district is located.

## CONDITIONS PRECEDENT

11. All conditions precedent to the prosecution of this action have occurred, or have been performed, excused or waived.

12. Plaintiff forwarded a written notice of his intent to present his claim pursuant to Fla. Stat 786. To the Town of South Palm Beach, the Town of Lantana and the Florida Department of Financial Services.

## FACTS IN SUPPORT OF CLAIMS

13. On October 30, 2014, Hugo Menjivar received a call from his friend Rolando. Rolando asked Hugo Menjivar for assistance in moving his vehicle to a safe location as he was unable to drive.

14. At such time, Hugo Menjivar went to the location of 4201 S. Ocean Blvd, South Palm Beach, to meet up with Rolando. Hugo Menjivar had in his possession his valid driver's license, social security, bank card and cell phone.

15. Upon Hugo Menjivar arrival to the location, Defendant Mark Garrison and Carol Vultaggio, two police offices of the South Palm Beach Police department had seized Rolando as a result of an independent incident.

16. At the scene, both Carol Vultaggio and Mark Garrison inquired of Hugo Menjivar as to whether he had a valid license to operate the motor vehicle.

17. In response, Hugo Menjivar said yes and handed Defendant Mark Garrison and Defendant Vultaggio his valid Florida driver's license.

18. Defendants Mark Garrison and Carol Vultaggio took the license and then proceeded to contact Lantana Dispatch in order to run Hugo Menjivar's name though Lantana Dispatch's FCIC/NCIC for validity and as to whether he a criminal record.

19. The information provided to Lantana dispatch was the Plaintiff's name, date of birth, address and social security. Plaintiff's full name is Hugo Menjivar, and his date of birth is 06/13/1967 with social security number XXX-XX-3711.

20. Lantana dispatched responded that an individual known as Francisco Menjivar {First name Francisco, last name: Menjivar} with the official name Petronilo Armijo had an active warrant [#LABA11517801] in California. The date of birth of Petronilo Armijo date of birth is 06/13/1966 and had previously been arrested with booking photo No. 4404688.

21. In the offence report, it is alleged that Defendants Carol Vultaggio and Mark Garrison verified with Lantana Dispatch that the Plaintiff's name, date of Birth and social security matched the warrant information.

22. Based on this allegation, Defendants Carol Vultaggio and Mark Garrison physically arrested Plaintiff Hugo Menjivar.

23. Following the arrest, Hugo Menjivar was placed in the back of the police car to sit for at least an hour, transported to the Palm Beach County Jail, where he was booked, fingerprinted, booking photo taken, placed in a holding cell, and thereafter a jail cell for the next six (6) days. At no point was Hugo Menjivar taken to see a Judge in Florida or anywhere else.

24. During this time, Hugo Menjivar missed several days of work, and had his mug shot plastered all around the internet for his friends, family, co-workers and the public to see.

25. On day six (6), Hugo Menjivar was released from the Palm Beach county jail with nothing else but a bus pass to find his way home.

26. At the time of arrest and noted on the booking log, Mr. Hugo Menjivar had in his possession a copy of his valid driver's license, which confirmed his complete name, date of birth, address, and photograph.

27. At the time of arrest and noted on the booking log, Mr. Hugo Menjivar had in his possession his actual social security card which matched his exact name Hugo Menjivar and listed his social security number XXX-XX-3711.

28. At the time of arrest and noted on the booking log, Mr. Hugo Menjivar had in his possession his bank cards which would have again sufficed has a second identification concerning his name.

29. At all times prior to and following the referenced incident, Plaintiff Hugo Menjivar has always resided in the State of Florida.

30. At all times prior to and following the referenced incident, Plaintiff Hugo Menjivar has never lived nor visited the State of California.

31. Other than this incident, Mr. Hugo Menjivar has never been arrested for anything in his life or even previously had any jail booking.

32. Hugo Menjivar was wrongfully arrested as he did not have a warrant nor did he commit a crime to justify an arrest.

33. As a result of this arrest, Hugo Menjivar suffered non-economic damages and economic damages which includes but is not limited to including that of resulting pain and suffering,

mental anguish, humiliation, shame, disgrace, fright, and injury to his reputation as a member of the general, loss of earnings and, loss of time. This situation has undoubtedly damaged Hugo Menjivar reputation and business aspirations as anyone who types his name on the internet will get a response that he was a fugitive who was arrested based on an out of state warrant involving the possession or dealing in dangerous drugs.

## COUNT I – Sec. 1983

### AGAINST MARK GARRISON AND CAROL VULTAGGIO, official capacity

34.  Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 - 33 above as if fully set forth herein at length.

35.  42 USC Section 1983 makes it unlawful for anyone acting under the authority of state law to deprive another person of his or her rights under the Constitution or federal law.

36.  On or about October 30, 2014, Hugo Menjivar was the subject of a warrantless arrest without probable cause, wherein his federal right to be free from unreasonable search and seizure was deprived.

37.  On or about October 30, 2014, Mark Garrison and Carol Vultaggio were officers of the South Palm Beach Police Department and were acting under color of authority of the South Palm Police Department.

38.  On or about October 30, 2014, Hugo Menjivar was restrained against his liberty and deprived of his liberty and freedom to leave.

39.  Hugo Menjivar did not feel free to leave, and even when attempting to verify with his correct information that the individual was not him and that he never lived in California, his request was denied and he restrained against his liberty.

40. The warrant information received from Lantana Dispatch and given to Defendants Mark Garrison and Carol Vultaggio was not properly reviewed or investigated as neither the name, date of birth, address, social security number or booking information matched the Plaintiff Hugo Menjivar.

41. Defendants Mark Garrison and Carol Vultaggio unreasonably deprived Hugo Menjivar of his federal right to be free from unreasonable search and seizure as set forth in the Fourth amendment, and applicable to the states under the Fourteenth amendment of the United States constitution.

42. It is clearly established and a fundamental right to be free from unreasonable seizure, especially when the proof of identity clearly shows that innocence, and no probable cause to arrest

43. Hugo Menjivar was deprived of his liberty and the right to be free unlawful and unreasonable restraint. Neither Mark Garrison nor Carol Vultaggio had a warrant for the detention of Hugo Menjivar.

44. Hugo Menjivar has suffered an injury as a result of the Defendants' actions or failure to act and as such demands damages in the amount of $100,000 from each defendant.


**COUNT II- FALSE ARREST AGAINST TOWN OF SOUTH PALM BEACH**

45. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 - 44 above as if fully set forth herein at length.

46. On October 30, 2014, Mark Garrison and Carol Vultaggio were officers of the South Palm Beach Police Department and were acting under color of authority of the South Palm Beach Police Department and the Town of South Palm Beach.

47. On October 30, 2017, Garrison and Carol Vultaggio did threaten to detain or restrain and did detain and or restrain Hugo Menjivar against his will.

48. Hugo Menjivar did not feel free to leave, and even when requested to leave, his request was denied.

49. As a direct and proximate result of the intentional act of the Defendants Mark Garrison and Carol Vultaggio, Plaintiff Hugo Menjivar was the subject of a warrantless arrest without probable cause and detention against his will.

50. Hugo Menjivar suffered an injury as a result of the aforementioned actions and demands tortious damages (economic and non-economic damages) which were caused by the Defendants' actions.

51. Hugo Menjivar has suffered an injury as a result of the Defendant Mark Garrison and Carol Vultaggio actions or failure to act and as such demands damages.

52. The Town of South Palm Beach is vicariously liable for the actions of the South Palm Beach Police department, Mark Garrison and Carol Vultaggio and as such the Defendant demands damages in the amount of $100,000.

## COUNT III- NEGLIGENCE

## AGAINST THE TOWN OF LANTANA,

53. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 - 36 above as if fully set forth herein at length.

54. On or about October 30, 2014, the Town of Lantana through the Lantana police department had in its employ certain officers including that of its Lantana dispatch unit, to act on behalf of and properly carry out the duties of a law enforcement entity.

8

55. On or about October 30, 2014, the Town of South Palm Beach had an inter-agency agreement with the Lantana police department which obligated the Lantana Police Department to act with due care and due diligence in doing dispatch on behalf of the South Palm Beach Police Department.

56. The duties of the inter-agency agreement required the Lantana Police Department to use its dispatch unit to verify and assist the Town of South Palm Beach with any 911 request, calls background check and warrant verification.

57. This agreement created a duty or bounded the Lantana Police department to act on behalf of the South Palm Beach police department, and to faithfully execute the same duties and responsibility of the South Palm Beach Police Department.

58. On or about October 30, 2014, the South Palm Beach Police Department contacted the Lantana Police Department dispatch unit for the purpose of conducting a criminal background check of Hugo Menjivar.

59. On or about October 30, 2014, the South Palm Beach police department provided Hugo Menjivar information (name, date of birth, address and social security number) to the Lantana Police Department for the purpose of doing FCIC/NCIC Background check.

60. In response, Lantana Police Department sent a misleading confirmation to the South Palm Beach Police Department that the information (Name, Date of Birth, address and social security number) for Hugo Menjivar matched the information for an individual Petronilo Armijo with alias Francisco Menjivar who lived in California and had an active warrant in California.

61. As a result of the teletype, South Palm Beach Police Department arrested Hugo Menjivar. Hugo Menjivar.

62. The information issued to South Palm Beach was not properly checked by the Lantana Police Department before the issuance of a misleading confirmation that the name, date of birth, address or social security number matched the Plaintiff Hugo Menjivar.

63. The Town of Lantana through the Lantana Police Department breached their duty of care by failing to properly investigating or verifying the background information of Hugo Menjivar.

64. The detention of Hugo Menjivar was unlawful and unreasonable.

65. Hugo Menjivar did not feel free to leave, and even when attempting to verify with his correct information that the individual was not him and that he never lived in California, his request was denied and he restrained against his liberty.

66. As a direct and proximate result of the Lantana Police Department failure to investigate and the providing of misleading information, Plaintiff Hugo Menjivar was the subject of a warrantless arrest.

67. Hugo Menjivar suffered an injury as a result of the aforementioned actions and demands compensation for the economic and non-economic damages caused by the Defendant Town of Lantana.

68. The Town of Lantana is vicariously liable for the actions of the Lantana police department and its dispatch unit. As such the Plaintiff demands damages in the amount of $100,000.

### REQUEST FOR TRIAL BY JURY

69. Plaintiff request trial by jury.

### DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that this Honorable Court enter Judgment:

A. Plaintiff hereby demand damages as stated in the complaint from each Defendant and from each count.

B. Awarding the Plaintiff reasonable reimbursement for attorney fees, costs, and expenses incurred as allowed under 42 USC 1988, and such other statutes that may be applicable;

C. Awarding all other relief as may be just and appropriate.

DATED: <u>October 26, 2017</u>

<u>**/s/ Rogell Levers**</u>
Rogell Levers, Esq. (FL Bar 069546)
Attorney for Plaintiff

**The Levers Law Firm, Pllc**
2930 Okeechobee Blvd., Ste. 210
West Palm Beach, FL 33409
T:  (561) 721-6200; Fax:  (561) 721-6202
Email: rxl@leverslaw.com